## JUNGK v. JUNGK.

Where a respondent appears and resists upon its merits, an application to change or modify a decree of divorce and alimony, which application shows equity upon its face, he cannot in the appellate court, for the time, raise the objection, that the complainant has not proceeded in the proper form.

The time and manner of making applications to change decrees granting divorce and alimony, were intended by the law, to be left very much to the sound legal discretion of the district court.

Section 1485 of the Code, refers to divorces *a vinculo matrimonii*, and gives the power to modify or change decrees in such cases, as to property and children.

Where on the hearing of what was called a motion to change a decree granting divorce and alimony, and making provision for a minor child; which motion was sworn to, and set out the facts on which the mover relied as a ground for the change, several *ex parte* affidavits were filed in support of the motion, to which no objection was taken; and where on appeal, it was objected that the testimony was presented by affidavit, and not by depositions or proof made in the usual method; *Held,* That the objection was made too late, to be available in the appellate court.

*Appeal from the Dubuque District Court.*

### FRIDAY, APRIL 9.

Upon the petition of the complainant, these parties were divorced on the 6th of October, 1854. By this decree, she was allowed $500, as alimony, the custody of their son Philip, then about three years of age, and the sum of one hundred dollars per year, for his support and maintenance. In December, 1854, the defendant moved the court that

the custody of the child be given him, which motion was overruled; and it was ordered that it still remain with the mother, unless she should remove beyond the jurisdiction of the court. In May, 1855, it appears that this motion was renewed, and it was ordered that so much of the decree of October, 1854, as gave to the complainant $100, annually, for the support of the child, be vacated, but that the child should remain with her, until the further order of the court. In October, 1856, complainant made application for a change in the order of May, 1855, so as to allow her a reasonable sum for the support of the child. To this application the defendant responded, setting up various causes why said decree should not be changed, and averring his readiness to take the child into his own charge, and his fitness and ability to properly provide for his welfare and support. Several *ex parte* affidavits were filed by complainant, and after examining the whole matter, it was ordered that one hundred dollars be allowed complainant, for the maintenance of the child for one year. From this order, defendant appeals.

*Blatchly & Harvey*, for the appellant.

*Vandever & Friend*, for the appellee.

WRIGHT, C. J.—Two objections are made to the decree of the court below:

*First.* That complainant has not made her application, and presented her case, in such a form and manner as to authorize the district court to act and grant the relief asked.

*Second.* That the showing made by the pleadings and proof, will not authorize the relief granted, or the judgment as entered.

We think the first objection comes too late. It relates to the form of the proceeding, rather than to the right of complainant to relief by her bill of review, which is insisted to be her appropriate remedy. By section 1485 of

the Code, when a divorce is decreed, the court has power to make such order in relation to the children and property of the parties, and the maintenance of the wife, as shall be right and proper; and then it is provided, that "subsequent changes may be made by the court in these respects, when circumstances render them expedient." The complainant filed what is called a motion, but proceeds very fully and minutely therein, to state and bring to the attention of the court, the facts and circumstances upon which she relies to sustain her application. This application was sworn to. To this form of presenting her application, defendant made no objection, but fully answered, setting out, at length, the grounds upon which he resisted the proposed modification or change of the former decree. And thus we see, that this was in no sense an *ex parte* proceeding, and in no respect assimilated to that class of cases, where some step is taken after final judgment, without notice to the opposite party, or without his being present. Defendant did appear, and resisted the application upon its merits, and it is too late for him now to say that the complainant has not proceeded in the proper form. If it appeared upon the face of the petition, that there was no equity in complainant's application, the objection might avail. It cannot, however, when such equity does appear, and where he has made no objection to the form in the court below, and now, for the first time, makes it in this court.

We are further of the opinion, that the time and manner of these applications were intended by the law, to be left very much to the sound legal discretion of the court below. The law contemplates that the change may be made upon the application of either party. And hence in this case, it appears that the husband had, after the entry of the decree of divorce, made two applications for its modification, and one of them was so far sustained, as to vacate the order requiring him to pay one hundred dollars annually, for the support of the child. So much of his motion as asked for the custody of the child, was overruled, however; and both these orders were doubtless made for

reasons entirely satisfactory and sufficient to the court at the time. And now the wife comes and makes known to the court a state of circumstances, which she insists renders it expedient to again change the decree, and the court, in the exercise of the power given, entertains the application, and grants relief. In this action, we can certainly see no abuse of the power conferred by the Code—no improper exercise of the discretion wisely given to the court in such cases.

It is said, however, that the power to regulate questions of property and alimony, is only given after final decree, where the divorce is a *mensa et thora*, and not where it is a *vinculo matrimonii*—that where the divorce is from the bonds of matrimony, the parties are "legally dead" to each other, and no power remains to disturb the order made as to property or children. . This position, we think, is fully answered by reference to to the Code, (in force when these parties were divorced), which provides alone for divorces from the bonds of matrimony. A divorce from bed and board, was not known nor provided for by our law at the time. And it is to such divorces, (those a *vinculo matrimonii*), that section 1485 refers, and gives the power to modify or change the order made as to property and children.

So far as the second objection is concerned, we are fully satisfied that the proof sustains the order. The objection that the testimony was presented in the sworn affidavits of the witnesses, and not by depositions, or proof made in in the usual method, cannot now avail. To this course, no objection appears to have been made in the court below, and we certainly will not allow it to have force at this time. From this testimony, we think, the decree allowing the complainant one hundred dollars for the support of the child for one year, is fully warranted, and should be affirmed.